**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| NATHAN HICKEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-3018 |
| | ) | |
| PROTECTIVE LIFE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Defendant Protective Life Corporation's (Protective Life) Motion for Complete Summary Judgment and Brief in Support Thereof (d/e 16) (Motion) is pending before the Court.  The parties have consented to proceed before this Court.  Notice, Consent, and Reference of a Civil Action to a Magistrate Judge and Reference Order entered July 29, 2019 (d/e 21).  The Court hereby gives notice to the parties that the Court may decide the Motion on a ground not raised by the parties.  Fed. R. Civ. P. 56(f)(2).  The Court may grant summary judgment in favor of Protective Life because Plaintiff Nathan Hickey fails to present evidence of any compensable damages.

Hickey alleges that Protective Life interfered with his rights under the Family Medical Leave Act (FMLA).  29 U.S.C. § 1625 et seq.  Hickey alleges that Protective Life interfered with his right to take FMLA leave in late 2016 and early 2017 and retaliated against him for taking FMLA leave by terminating his employment in March 2017.  See generally Complaint (d/e 1).

Hickey now states that Protective Life is entitled to summary judgment on his claim that Protective Life terminated his employment in retaliation for taking leave under the Family Medical Leave Act (FMLA):

> In his complaint Hickey also alleged that he was terminated in retaliation for taking a protected leave of absence. This claim was not an interference claim but rather a retaliation claim. For the purposes of this motion, Hickey is not challenging Protective's entitlement to summary judgment as to this limited issue.

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (d/e 23) (Response), at 3.  Hickey concedes that Protective Life's termination of his employment did not violate his rights under the FMLA.

Hickey proceeds only on his claims that Protective Life interfered with his rights under the FMLA by: (1) not returning him to an equivalent position on his return from his FMLA leave; and (2) using his FMLA leave in a

negative way to give him a negative evaluation, and as a result of such

evaluation, denying him a transfer to a different position:

> The FMLA makes it clear that an employer can not use a leave of absence as a negative factor when evaluating an employee's job performance. 29 C.F.R. § 825.220(c). In Lewis v. Sch. Dist. #70, 523 F.3d 730, 743 (7th Cir. 2008), the Seventh Circuit explained that when an employee is granted a leave of absence but is expected to perform his job duties at the same level that leave is illusory. Here, Hickey was allowed his leave of absence, however, he was downgraded on his performance evaluation because he did not complete all of his job duties. While that might not sound terribly significant, it impacted Hickey in a significant way.  Had Hickey been rated as satisfactory he would have been allowed to transfer to a different position in the company.
>
> The FMLA also requires that when an employee returns from a protected leave of absence that he be reinstated into the same or a substantially equivalent position. Here, Hickey's job duties were significantly altered upon his return. His previous job duties had required that the bulk of his time be spent servicing – and receiving commissions for – existing customers. Upon his return he was expected to simply prospects for new business.

Response, at 2.

The FMLA authorizes employees to recover monetary damages for

violation of the FMLA, such as lost wages and monetary benefits, or other

compensation;  and possibly liquidated damages equal to the amount of

the recoverable monetary damages.  29 U.S.C. § 2617(a); 29 C.F.R. §§

825.200(b) and 825.400(c).  Courts have held that the FMLA does not

authorize recovery of nominal damages or other non-monetary damages,

although the Seventh Circuit apparently has not addressed the issue.  See

Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1277 (10th Cir. 2001)

(nominal damages not available under FMLA), but cf., Franzen v. Ellis

Corp., 543 F.3d 420, 426 n. 6 (7th Cir. 2008) (declined to address the

availability of nominal damages under the FMLA).  The Court questions

whether the facts show any monetary loss from the remaining claims of

FMLA interference.  The undisputed facts show: (1) Protective Life allowed

Hickey to take 12 weeks of FMLA leave, ending on February 17, 2017; (2)

upon Hickey's return from FMLA leave, Hickey received the same level of

compensation that he received immediately prior to his leave; (3) when

Hickey returned from FMLA leave, his level of compensation was to be

protected from any reduction for six months; and (4) Protective Life

terminated his employment on March 8, 2017, less than a month after his

return from FMLA leave.  See Complaint (d/e 1) ¶ 11; Answer (d/e 5), ¶ 11;

Motion, Statement of Undisputed Fact, ¶¶ 33-34, 41-42; Response,

Undisputed Material Facts ¶ 33-34, 41, and Disputed Material Fact ¶ 42.

Hickey disputes parts of Protective Life's assertions in its Statement of

Undisputed Fact ¶ 42 but agrees that his compensation was not reduced

upon his return from FMLA leave and that his level of compensation was to

be protected for six months after his return from leave.

Hickey presented evidence which creates an issue of fact as to whether he was denied the opportunity to apply for a transfer to a position at US Warranty (or USW), a company that Protective Life newly acquired. Hickey's evidence, when viewed in the light most favorable to him, shows that Protective Life denied Hickey the opportunity to apply for a transfer to US Warranty because of a negative annual review he received shortly after his return from FMLA leave. The annual review indicated that Hickey was not meeting expectations in some aspects of his current position.

Hickey now states in his Declaration appended to his Response that US Warranty offered him a job. Response, Appendix, Declaration of Nathan Hickey, ¶ 20. The competent undisputed evidence shows that he applied for a transfer but does not show that he was not offered a job at US Warranty. Hickey testified in his deposition that he spoke to a person named Steve Potts at US Warranty and he believed he applied for a transfer to US Warranty, "I believe I did [apply] because Erica Verma, Steve had told me that he was waiting for the information from Erica Verma." Motion, Exhibit 1, Deposition of Nathan Hickey, at 146. Hickey testified that he believed that Verma was "I guess an HR or recruiter or somebody." Id. Hickey also sent an email to the Protective Life Human Resources representative Anne Witte in which he stated, in part, "Also I

had spoken to a colleague with our new branch USW who said they are waiting for my information for application.  Any update on that or things I should do to make me the best candidate for that move?"  Motion, Exhibit 28, Email exchange between Hickey and Witte dated February 27, 2017 (also identified at Exhibit 17 to Hickey's deposition).

Witte responded,

> We have a process for Internal applications and our recruiting team handles that.  All Internal applicants have to go through the same selection process including interviews, etc.  Our policy for Internal Job posting states that employees must be meeting the expectations of their current position to be eligible for consideration.

Id.  When read favorably to Hickey, the evidence supports the inference that Hickey was not eligible for a transfer because of the negative annual review.

The undisputed competent evidence does not show that Hickey was ever offered a job with US Warranty.  Hickey's Declaration to the contrary, appended to his Response, is a self-serving attempt to contradict his own deposition and the February 27, 2017 email he sent to Witte.  Such self-serving declarations are not sufficient to create an issue of fact.  See Kopplin v. Wisconsin Central Limited, 914 F.3d 1099, 1102-03 (7th Cir. 2019).  The competent evidence, when read favorably to Hickey, shows that Hickey applied for a job transfer to US Warranty, but was not eligible

for the transfer because of the negative review.  US Warranty did not offer Hickey a job.

In light of this evidence, the Court gives notice that the Court is considering granting the Motion on the grounds that Hickey suffered no monetary damages from the claimed FMLA interference.  Upon his return to Protective Life, his compensation was not reduced during the remainder of his 20-day tenure with Protective Life from February 17 to March 8, 2017.  His evidence about a possible transfer may show only a speculative possibility that he might have kept his job past March 8, 2017 if he had been allowed to apply and if US Warranty had offered him a job transfer.  He was denied the opportunity to apply, but he does not present competent evidence that he would have gotten the transfer.  Such evidence, when read favorably to Hickey, may still be insufficient to establish monetary damages.  The Court, therefore, is considering whether to give Protective Life summary judgment because the undisputed facts may show that Hickey has no monetary damages.

Pursuant to Rule 56(f), the Court gives both parties the opportunity to respond to this notice.  Any response should address two issues: (1) Is summary judgment appropriate if Hickey does not present evidence of monetary damages; and

(2) Is evidence that Hickey lost an opportunity to apply for a transfer to US

Warranty sufficient for purposes of summary judgment to create an issue of

fact regarding whether he suffered monetary damages thereby when (a) he

still retained his existing job, and (b) Protective Life's subsequent

termination of his employment did not violate the FMLA.

    Each party's response shall not exceed 10 pages and must be filed

by October 31, 2019.  Each party may file a reply not to exceed five pages

by November 15, 2019.


ENTER:   September 17, 2019


                    s/ *Tom Schanzle-Haskins*
                    TOM SCHANZLE-HASKINS
                    UNITED STATES MAGISTRATE JUDGE